# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| RUBEN RAMIREZ, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br>RAGAN & RAGAN, VELOCITY INVESTMENTS LLC and JOHN DOES 1-25,<br><br>Defendants. | Civil Case Number: _____<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT<br>AND<br>DEMAND FOR JURY TRIAL** |

Plaintiff RUBEN RAMIREZ (hereinafter, "Plaintiff"), a New Jersey resident, brings this class action complaint by and through his attorneys, Marcus Zelman, LLC, against Defendants RAGAN & RAGAN and VELOCITY INVESTMENTS LLC. (hereinafter "Defendants"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

1. Congress enacted the FDCPA in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws .

. . [we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate, *id.* § 1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

3. The right congress sought to protect in enacting this legislation was therefore not merely procedural, but substantive and of great importance.

## JURISDICTION AND VENUE

4. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201.  If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

6. Plaintiff brings this class action on behalf of a class of New Jersey consumers seeking redress for Defendant's actions of using an unfair and unconscionable means to collect a debt.

7. Defendant's actions violated § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA") which prohibits debt

collectors from engaging in abusive, deceptive and unfair practices.

8. Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

9. Plaintiff is a natural person and a resident of the State of New Jersey, and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

10. Defendant, Ragan & Ragan ("R&R") is a law firm focusing on debt collections with an office located at 3100 Route 138 West, Brinley Plaza, Building One, Wall, New Jersey 07719.

11. Upon information and belief, R&R is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

12. R&R is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

13. Defendant, Velocity Investments LLC ("VI") is a limited liability company with offices located at 1800 Route 34 North, Suite 404A, Wall, New Jersey 07719.

14. Upon information and belief, VI is a purchaser of performing and non-performing consumer credit debts, which are in default at the time the debts are acquired.

15. Upon information and belief, VI is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

16. In connection with its debt servicing operations, VI routinely hires other debt collectors, such as R&R, to send dunning letters to consumers in an effort to collect money on defaulted consumer debts that VI acquires.

17. VI is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

18. John Does 1-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ALLEGATIONS

19. Plaintiff brings claims, pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP") Rule 23, individually and on behalf of the following two New Jersey consumer classes:

   a. The First Plaintiff Class consists of (a) all individuals with addresses in the state of New Jersey (b) who were sent collection letters and/or notice from R&R attempting to collect a consumer debt allegedly owed to VI, (c) on an obligation that at the time the letter was sent was passed the relevant statute of limitation, (d) which offered the consumer a settlement, (e) and failed to notify the consumer that the alleged debt was passed the statute of limitation, (f) which was sent on or after a date one year prior to the filing of this action and on or before a date 21 days after the filing of this action.

20. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

   • Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from the Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that is sent to hundreds of persons (*See* **Exhibit A,** except that the undersigned attorney has, in accordance

with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

  a.    Whether Defendant violated various provisions of the FDCPA;

  b.    Whether Plaintiff and the Class have been injured by Defendant's conduct;

  c.    Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

  d.    Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender.  Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendant's conduct is allowed to proceed without remedy they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## ALLEGATIONS OF FACT

13. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

14. Some time prior to March 2, 2016 an obligation was allegedly incurred to Velocity Investments LLC.

15. The VI obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

16. The alleged VI obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

17. VI is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

6

18. Some point prior to March 2, 2016, the VI debt was sold, consigned, or otherwise transferred to Ragan & Ragan for collections.

19. R&R collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

20. On or about March 2, 2016, the Defendant caused to be delivered to the Plaintiff a collection letter in an attempt to collect the alleged debt. *See* **Exhibit A**.

21. The letter was sent or caused to be sent by persons employed by Defendant.

22. The letter is a "communication" as defined by 15 U.S.C. §1692a(2).

23. As of March 2, 2016, more than six (6) years had elapsed since the last payment or activity on the VI debt subject to the letter.

24. Pursuant to NJ Stat. 2A:14-1, the statute of limitations is six (6) years for filing suit to collect on a debt.

25. The March 2, 2016 letter stated in part:

    "Our client has authorized us to offer you a settlement of 50% of the current balance."

26. Upon reading the March 2, 2016 letter, the Plaintiff believed, as would the unsophisticated debtor, that he had a legal obligation to pay the alleged debt as Defendant was "offering" to "settle" and that they might seek to file a lawsuit to collect the debt and or report the debt to the Credit Reporting Agencies, if he did not accept their "settlement offer."

27. The March 2, 2016 letter falsely implies that the VI debt is legally enforceable by making Plaintiff an offer to settle her account.

28. It is the policy of R&R and VI to send and cause the sending of letters, in the form attached hereto as **Exhibit A**, that seek to collect time-barred debts and to not disclose that the debts

are in fact time barred, and therefore, legally unenforceable.

29. The Federal Trade Commission has determined that "Most consumers do not know their legal rights with respect to collection of old debts past the statute of limitations.... When a collector tells a consumer that she owes money and demands payment, it may create the misleading impression that the collector can sue the consumer in court to collect that debt." (*See* http://www.ftc.gov/opa/2012/01/asset.shtm).

30. In early 2012, the FTC entered into a consent decree with Asset Acceptance, one of the largest debt buyers in the United States, requiring it disclose to consumers when it is attempting to collect debts that are barred by the statute of limitations. *United States of America (For the Federal Trade Commission) v. Asset Acceptance, LLC*, Case No. 8:12-cv-182-T-27EAJ (M.D.Fla.).

31. On October 1, 2012, the Consumer Financial Protection Bureau, which has taken over much of the FTC's enforcement responsibility and has been granted rule-making authority with respect to debt collection, the Federal Deposit Insurance Corporation, the Federal Reserve Board, and the Office of the Comptroller of the Currency entered into consent orders with three American Express-related entities requiring disclosure that debts they attempt to collect were time-barred. 2012-CFPB-0002; 2012-CFPB-0003; 2012-CFPB-0004. The orders require that "the Bank shall continue to provide disclosures concerning the expiration of the Bank's litigation rights when collecting debt that is barred by the applicable state statutes of limitations...." (2012-CFPB-0002, p. 6 of 35, 2012-CFPB-0003, p. 5 of 28).

32. The October 1, 2012 orders further require disclosure of "all material conditions, benefits and restrictions concerning any offer of settlement. . . ." (2012-CFPB-0002, p. 7 of 35,

2012-CFPB-0003, p. 6 of 28). Thus, they recognize that "settlement offers" that fail to disclose material information may be misleading.

33. On January 30, 2013, the FTC issued its report, *The Structure and Practices of the Debt Buying Industry*, available at http://www.ftc.gov/os/2013/01/ debtbuyingreport.pdf. The report reaffirms its position in the *United States of America v. Asset Acceptance, LLC*, No. 8:12-cv-182-T-27EAJ (M.D. Fla. 2012), *American Express Centurion Bank* (FDIC-12-315b, FDIC- 12-316k, 2012-CFPB-0002), *American Express Bank, FSB* (2012-CFPB-0003) and *American Express Travel Company, Inc.* (2012-CFPB-0004) cases, that a defendant may violate the FDCPA by sending a collection letter demanding payment of a time barred debt without disclosing that the debt was time barred.

34. The report cites to a study (Timothy E. Goldsmith & Natalie Martin, *Testing Materiality Under the Unfair Practices Acts: What Information Matters When Collecting Time-Barred Debts?*, 64 Consumer Fin. L.Q. Rep. 372 (2010)) that establishes the disclosure that a debt is time barred in a debt collection letter is material to the consumer.

35. Courts have also held that a debt collector's "settlement" offer made to consumers on a time-barred debt is misleading. *See e.g., McMahon v. LVNV Funding, LLC*, 744 F.3d 1010 (7th Cir. 2014).

36. The Honorable Judge William H. Walls in a recent decision in the District of New Jersey stated in denying a Defendant's motion to dismiss, "the Court agrees with the reasoning stated in these cases and conclude that offering a "settlement" on a time-barred debt without proper notification that the debt is time-barred could plausibly mislead or deceive the least sophisticated consumer into believing that the debt was legally enforceable." *Blaha v. First National Collection Bureau, Inc. et al.,* Civil Case Number 16-cv-2791 (November 10,

2016).

37. Defendant could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

## COUNT I

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
15 U.S.C. §1692e *et seq.*
(AGAINST ALL DEFENDANTS)**

38. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

39. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated section 15 U.S.C. § 1692e of the FDCPA.

40. Section 15 U.S.C. §1692e states that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

41. The Defendants violated said provision by:

    a. Falsely representing the legal status of the debt in violation of 15 U.S.C. §1692e(2)(A);

    b. Making false threats to take action that cannot legally be taken in violation of 15 U.S.C. § 1692e(5);

    c. Using false representations and/or deceptive means to collect or attempt to collect any debt in violation of 15 U.S.C. §1692e(10).

42. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e *et seq*. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a)    Declaring that this action is properly maintainable as a Class Action and
certifying Plaintiff as Class representative and Ari Marcus, Esq. and Yitzchak Zelman, Esq., as
Class Counsel;

(b)    Awarding Plaintiff and the Class statutory damages;

(c)    Awarding Plaintiff and the Class actual damages;

(d)    Awarding Plaintiff costs of this Action, including reasonable attorneys' fees
and expenses;

(e)    Awarding pre-judgment interest and post-judgment interest; and

(f)    Awarding Plaintiff and the Class such other and further relief as this Court
may deem just and proper.

Dated: February 23, 2017

By: /s/ Yitzchak Zelman
Yitzchak Zelman, Esq.
MARCUS & ZELMAN, LLC
1500 Allaire Avenue, Suite 101
Ocean, New Jersey 07712
Phone:    (732) 695-3282
Facsimile: (732) 298-6256
Email: yzelman@marcuszelman.com
Attorneys for Plaintiff

*/s/ Ari H. Marcus*
Ari Marcus, Esq.
MARCUS ZELMAN, LLC
1500 Allaire Avenue, Suite 101
Ocean, New Jersey 07712
(732) 695-3282 telephone

11

(732) 298-6256 facsimile
ari@marcuszelman.com
*Attorneys for Plaintiff*

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a

trial by jury on all issues so triable.

Dated:  February 23, 2017                    By: /s/ Yitzchak Zelman_____
                                                          Yitzchak Zelman, Esq.


## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, Yitzchak Zelman, the undersigned attorney of record for Plaintiff, do hereby certify to

my own knowledge and based upon information available to me at my office, the matter in

controversy is not the subject of any other action now pending in any court or in any arbitration or

administrative proceeding.


Dated: February 23, 2017                    By: /s/ Yitzchak Zelman_____
                                                          Yitzchak Zelman, Esq.